[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} The defendant-appellant, Lester Barber, appeals from the judgment of the trial court adjudicating him a sexual predator following a sexual-offender-classification hearing held pursuant to R.C. 2950.09(C). In his four assignments of error, Barber argues that (1) R.C. 2950.09
violates the Ex Post Facto Clause of the United States Constitution and the retroactivity clause of Section 28, Article II, of the Ohio Constitution; (2) R.C. 2950.09 violates the Double Jeopardy Clause of the United States Constitution; (3) R.C. 2950.09 is unconstitutionally vague; and (4) the trial court's judgment classifying him a sexual-predator was against the manifest weight of the evidence. We overrule the constitutional arguments based upon controlling precedent and, because there was clear and convincing evidence presented to support the trial court's findings, affirm the judgment. On October 14, 1984, a jury returned guilty verdicts against Barber on three counts of rape in violation of R.C. 2907.02. The trial court sentenced him to concurrent indefinite prison terms of ten to twenty-five years. This court affirmed the judgment of conviction on August 21, 1986. On October 9, 2001, pursuant to R.C. 2950.09(C), the same trial judge ordered Barber returned to Hamilton County for a sexual-offender-classification hearing.
{¶ 3} At the hearing, the state introduced the grand-jury transcript into evidence. The trial judge also summarized the facts of this case from his trial notes. Although Barber's court-appointed counsel spoke on his behalf, Barber presented no evidence.
{¶ 4} We overrule Barber's first assignment of error on the authority of State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 112, and we overrule his second and third assignments of error on the authority of State v.Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342.
{¶ 5} We also overrule Barber's fourth assignment of error in which he claims that his classification as a sexual offender was against the manifest weight of the evidence. The uncontradicted facts of the offenses, as presented at the hearing, established that Barber, after sniffing gasoline earlier in the day, picked up a twenty-year-old hitchhiker. He subsequently held a screwdriver to her throat and orally, vaginally, and anally raped her thirteen times between 6:00 p.m. and 1:00 a.m. When his victim tried to run from him, he put her own excrement in her mouth. Although Barber had not been convicted of prior sex crimes, his criminal record between 1976 and 1980 included convictions for aggravated menacing, menacing, assault, receiving stolen property, and driving under the influence.
{¶ 6} In compliance with the Eppinger model for sexual-offender-classification hearings, the trial judge reviewed the state's evidence, summarized the facts of the offenses from his trial notes, and on the record related the statutory factors in R.C.2950.09(B)(2) that were relevant to Barber's likelihood of recidivism.State v. Eppinger (2001), 91 Ohio St.3d 158, 166, 743 N.E.2d 881. The trial judge also considered the statements and arguments of Barber's counsel and the prosecutor while weighing Barber's conduct. The trial judge determined that the evidence demonstrated a pattern of abuse, cruelty, and threatened cruelty. These conclusions were undeniably supported by the facts of the horrendous sexual abduction. The trial judge also considered Barber's criminal record and the lack of evidence that he had received any remedial sexual-behavior counseling while imprisoned. Consistent with the procedure for weighing the evidence announced in State v. Thompson (2001), 92 Ohio St.3d 584, 587-588,752 N.E.2d 276, the trial judge concluded that these factors were clear and convincing evidence that Barber was a sexual predator.
{¶ 7} Upon review, we hold that the trial judge had sufficient evidentiary material before him to create a firm belief that Barber "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); see also State v. Eppinger,91 Ohio St.3d at 162, 743 N.E.2d 881. Therefore, we conclude that there was clear and convincing evidence to support the trial judge's order adjudicating Barber a sexual predator. See R.C. 2950.09(B)(3).
{¶ 8} Accordingly, the judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., GORMAN and Winkler, JJ.